**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Alvarez-Espinoza,<br><br>                Petitioner,<br><br>v.<br><br>United States,<br><br>                Respondent. | No. CV-12-01083-PHX-DGC<br><br>**ORDER** |

Movant Carlos Alvarez-Espinoza has filed a motion for relief from judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. Doc. 24. No response has been filed. The Court will deny the motion.

In May 2012, Movant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Doc. 1. Magistrate Judge Logan issued a report and recommendation (R&R) in February 2013, recommending denial of the motion and dismissal of the case. Doc. 10. Plaintiff filed an objection to the R&R (Doc. 16), and the Court reviewed the objection and accepted the R&R on May 28, 2013 (Doc. 17). Movant now seeks relief from the Court's order and requests "reopening of his case." Doc. 25 at 2.

Rule 60(b)(1) provides that the Court "may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Ninth Circuit has held that litigants may not rely on Rule 60(b) motions to raise new claims that would otherwise be barred as second or

successive. *U.S. v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (applying *Gonzalez v. Crosby*, 545 U.S. 524 (2005), to Rule 60(b) motions to reopen § 2255 proceedings). A Rule 60(b) motion must show a defect in the integrity of the federal habeas proceeding, meaning Movant "must point to something that happened during the proceeding that rendered its outcome suspect." *Buenrostro*, 638 F.3d at 722.

Movant argues that "a mistake or inadvertence occurred in his case when the District Court failed to conduct the application of *King v. Roe*, 340 F.3d 821 (9th Cir. 2003)[.]" Doc. 25 at 2. Movant appears to take issue with the Court's conclusion that Movant was precluded from raising arguments before the Court that were not raised in his original § 2255 motion. *Id.*; *see also* Doc. 17 at 4-5 ("Movant also argues that his appellate counsel was ineffective to the extent he actually conceded lack of bad faith or prejudice, . . . But Movant's § 2255 motion raises ineffective assistance of counsel only with respect to his trial counsel . . . Movant cannot raise in this Court arguments that were not included in his original § 2255 motion.") (internal quotation marks omitted). Movant also appears to reiterate his objections to Judge Logan's R&R and reassert Ground Two of his initial motion – that he was deprived of his right to compulsory process of witnesses. Doc. 25 at 5, 7.

Movant argues that "had the District Court conducted an application of the '*King* Framework' it would have found that the Movant raised the claim of 'Ineffective Assistance of Counsel' that relates to 'all stages of the judgment herein.'" *Id.* at 6. The *King* case, however, has no application here. That case considered whether King was entitled to tolling of the limitation period set forth in § 2244(d)(1) during a period in which he had no pending application for state post-conviction review. *King*, 340 F.3d at 823, *overruled by Evans v. Chavis*, 546 U.S. 189 (2006). Here, there are no issues related to state court post-conviction proceedings or tolling of the statute of limitations.

Although Movant argues that his § 2255 motion raised his ineffective assistance of counsel claim at all stages of litigation, he is incorrect. His motion only referred to his trial counsel in setting forth his ineffective assistance claim. It was not incorrect for the

1  Court to find that Movant had waived any arguments that were not included in his
2  original motion. Movant has failed to demonstrate mistake, inadvertence, surprise, or
3  excusable neglect. Accordingly, his Rule 60(b) motion must be denied.
4        To the extent Movant is attempting to reassert Ground Two of his initial § 2255
5  motion, which was dismissed, or asking the Court to consider his argument that his
6  appellate counsel was ineffective, his motion is barred. Section 2255(h) provides that
7  second or successive motions must be certified "by a panel of the appropriate court of
8  appeals to contain" either "newly discovered evidence that . . . would be sufficient to
9  establish by clear and convincing evidence that no reasonable factfinder would have
10 found the movant guilty of the offense," or "a new rule of constitutional law, made
11 retroactive to cases on collateral review by the Supreme Court, that was previously
12 unavailable." 28 U.S.C. § 2255(h)(1)-(2). Because Movant's ineffective assistance of
13 counsel claim as to his appellate counsel was ripe at the time of his initial § 2255 motion,
14 any new motion attempting to raise that claim would be "second or successive," and
15 would be permitted only if Movant obtained new evidence or benefited from a new,
16 retroactive rule of constitutional law. *See Buenrostro*, 638 F.3d at 726. The motion has
17 not been certified by a panel of the Ninth Circuit, nor does it contain any new evidence or
18 a new rule of constitutional law as to either the ineffective assistance of counsel issue or
19 the denial of compulsory process issue.
20      **IT IS ORDERED** that the motion for relief from the judgment (Doc. 24) is
21 **denied**.
22      Dated this 15th day of August, 2014.

David G. Campbell
United States District Judge